UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDNA GWENDOLYN MCKAY,

                Plaintiff,

-against-

ALEXANDER SKARSGUARD, also known as RON MCKAY, also known as SHAWN KNOLWES CARTER,

                Defendant.

22-CV-10828 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated her rights.[1] By order dated December 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[1] Although Plaintiff captions the complaint as if she is suing a single defendant with multiple aliases, it appears that she intends to sue three different individuals. (*See* ECF 2, at 4.)

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box to invoke the court's federal question jurisdiction, and, in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff states, "I have been neglected since six months of age, i was molested a lot in foster care. I deserve a clean untoxic environment 24/7, 365 days a year. I haven't received any money all my life."[2] (ECF 2, at 2.) Named as defendants are Alexander Skarsguard, whom the Court understands to be the actor Alexander Skarsgård; Ron McKay, who appears to be Plaintiff's father; and Shawn Knowles Carter, whom the Court understands to be the rapper Jay-Z.

The following allegations are taken from the complaint. During June and July 2021, Plaintiff was "put in Woodhull hospital by force." (*Id.* at 5.) During this time, she was "molested

---

[2] The Court quotes from the complaint verbatim. All grammar, spelling, and punctuation are as in the original unless otherwise indicated.

by [her] father 300 times [and her] body hurts badly." (*Id.*) The hospital kept Plaintiff "on random medications" and she was "100% black-skinned." (*Id.*) Plaintiff states,

> My father forced them to drug me up in my arm, forcefully in my legs, my vagina was bruised, bleeding for 12 weeks after i left by Dr. Earl's request and permission. I lost all my cards, gained 200lbs of mucus, cellulite and body fat from another race of people. I went to human resources administration in was seen by a Doctor in it took two years to get this case. Someone drugged my up in shaved my head, not by my permission. I was bald-headed in very off looking. It felt like a sacrifice for this entire planet. I am american-born 100% why did i get treated like sarah barrmen. My family does not love me, i don't understand what people think about me. I am one hundred percent suffering 24/7 265 as a person with a [c]ondition name abiionism not slavery.

(*Id.* at 5-6.)

Where asked to state her injuries, Plaintiff writes,

> I was beat-up this year by three guys i wouldn't have sexual intercourse, oral sex for they girlfriends to have kids out of wed-lock. I have bruises on my entire human body from injuries From Foster home to present time now. I didn't get offered any medical treatment, i ask but they request for my dad approval.

(*Id.* at 6.)

As relief, Plaintiff seeks, "Everything they can search for in find. I am exhasted, suffering with albanism, my body needs support 100%. Child support, one hundred percent. I require 100% albanism relief." (*Id.*)

Plaintiff attaches to the complaint a "New York State High School Equivalency Unsatisfactory Score Report" and what appear to be copies of various medical records. (*See id.* at 10-14.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of

3

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes the court's federal question jurisdiction, but her allegations, construed liberally, do not plausibly suggest any viable claim under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff indicates in the complaint that she is a resident of New York, and she provides the same Brooklyn, New York, address for all three defendants. While it is unclear whether Skarsgård and Carter actually reside in New York, the Court presumes that Plaintiff provided an accurate residential address for her father, Ron McKay. Because both Plaintiff and at least one of the defendants resides in New York, complete diversity of citizenship is precluded.

Because the complaint fails to demonstrate that the Court has either federal question jurisdiction or diversity of citizenship jurisdiction of Plaintiff's claims, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's allegations do not suggest a viable federal claim, and because Plaintiff and at least one of the defendants reside in New York, the defects in Plaintiff's complaint cannot be cured with an amendment, and the Court therefore declines to grant Plaintiff leave to amend her complaint.[3]

---

[3] Because the complaint includes no allegations suggesting that Skarsgård or Carter violated any of Plaintiff's rights, and given Plaintiff's history of frivolous litigation against Carter, discussed below, the Court declines to grant Plaintiff leave to amend the complaint to show the Court has diversity jurisdiction of her claims against these defendants.

B.   **Plaintiff's Litigation History**

Plaintiff has filed two other actions against McKay and Carter in this court that have been dismissed as frivolous. *See McKay v. Carter*, ECF 1:19-CV-8827, 4 (S.D.N.Y. Oct. 25, 2019) (dismissing as frivolous Plaintiff's claims against Carter, alleging that he is her father, and warning Plaintiff that further frivolous or vexatious litigation will result in an order barring her from filing new actions IFP without prior permissions); *McKay v. McKay*, ECF 1:18-CV-10907, 4 (S.D.N.Y. Nov. 28, 2018) (dismissing as frivolous Plaintiff's claims against, among others, McKay and Carter arising from "mind control" and the failure of defendants to provide her with child support and other money).

Plaintiff remains warned that further frivolous or vexatious litigation in this court may result in an order barring her from filing new civil actions IFP in this court without obtaining prior permission from the court. [4] *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff remains warned that further frivolous or vexatious litigation in this court may result in an order barring her from filing new civil actions IFP in this court without obtaining prior permission from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] The Court notes that many of Plaintiff's claims here – especially her claims against Skarsgård and Carter, a celebrity actor and rapper, respectively – border on the frivolous, as they appear to "lack[] an arguable basis either in law or fact." *See Neitzke*, 490 U.S. at 324-25.

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge